**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2966-15T3

MARTIN E. O'BOYLE,

    Plaintiff-Appellant,

v.

ANTHONY DILORENZO, JR., and
DEBORAH PROCACCI DILORENZO,

    Defendants-Respondents,

and

PREMIER REALTY, INC., and THE CHAMBER
OF COMMERCE OF SOUTH JERSEY, individually,
jointly, and collectively,

    Defendants.

_____

MARTIN E. BOYLE,

    Plaintiff-Appellant,

v.

THE BOROUGH OF LONGPORT, PETER ISEN, BRUCE
FUNK, MAYOR NICHOLAS RUSSO, COMMISSIONER JAMES
P. LEEDS, and COMMISSIONER DANIEL LAWLER,
JOSEPH DILORENZO, FRANK DILORENZO, SR.,
ANTHONY DILORENZO, JR., DEBORAH PROCACCI
DILORENZO, and PREMIER REALTY, INC., jointly,
severally and individually,

    Defendants-Respondents,

and

ANGEL DIPENTINO, ANTHONY DILORENZO, SR.,
FRANK DILORENZO, SR., JEROME DIPENTINO,
and PREMIER REALTY INC., jointly,
severally and individually,

    Defendants.

_____

Argued March 12, 2018 — Decided July 25, 2018

Before Judges Accurso, O'Connor and Vernoia.

On appeal from Superior Court of New Jersey,
Law Division, Atlantic County, Docket Nos.
L-1985-09 and L-3692-10.

Edwin J. Jacobs, Jr., argued the cause for
appellant (Jacobs & Barbone, PA, and Law
Offices of Richard M. King, Jr., attorneys;
Edwin Jacobs, Jr., Richard M. King, YooNieh
Ahn, and Ronald A. Rosa, on the briefs).

Louis R. Moffa, Jr., argued the cause for
respondents Joseph DiLorenzo, Anthony L.
DiLorenzo, Anthony V. DiLorenzo, and Deborah
Procacci DiLorenzo (Montgomery, McCracken,
Walker & Rhoads, LLP, attorneys; Louis R.
Moffa, Jr., on the brief).

William M. Tambussi argued the cause for
respondent Joseph DiLorenzo (Brown &
Connery, LLP, attorneys; William M.
Tambussi and Eric D. Milavsky, on the
brief).

Steven M. Horn argued the cause for
respondents Borough of Longport, Peter Isen
and Bruce Funk (Reynolds & Horn, PC
attorneys; John J. Bannan, on the brief).

Robert P. Merenich argued the cause for
respondents Nicholas Russo, James P. Leeds,
and Daniel Lawler (Gemmel, Todd & Merenich,

2

PA, attorneys; Robert P. Merenich, on the brief).

PER CURIAM

Plaintiff Martin E. O'Boyle appeals from a summary judgment dismissing his complaint against defendants Joseph DiLorenzo, Frank DiLorenzo, Anthony V. DiLorenzo, Anthony L. DiLorenzo, Deborah Procacci, Borough of Longport (Borough), Peter Isen, Bruce Funk, Nicholas Russo, James P. Leeds, and Daniel Lawler. Plaintiff voluntarily dismissed the remaining defendants from this matter. In addition, during the course of the litigation the court dismissed certain claims, which plaintiff does not challenge on appeal.

Plaintiff also appeals from a protective order entered pursuant to Rule 4:10-3 prohibiting plaintiff — but not his attorney — from contacting any defense witnesses, as well as an order denying his request to compel defendant Isen to submit to a second deposition.

We affirm all orders under review.

I

We summarize the principal evidence and claims salient to the issues on appeal. Plaintiff and his wife have a home in the Borough, where they live during the summer. In 2007, they were cited for a zoning violation pertaining to their property.

Plaintiff challenged the alleged violation and the matter settled.

During the course of that litigation, plaintiff formed the belief defendant Funk, the Borough's housing inspector, was running a private home inspection business in the municipality, which plaintiff contended constituted a conflict of interest. As part of his investigation, in late 2007 and early 2008, plaintiff, his family, or his businesses submitted almost 900 demands for records to the Borough pursuant to the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, and the common law right of access.

The Borough, a small community having approximately 1200 year-round residents, had a limited number of staff available to respond to plaintiff's numerous demands; nevertheless, the Borough provided thousands of documents to plaintiff. However, the time expended to respond to the document requests was substantial, and some employees became overwhelmed as a result and quit.

Aware of the terms of N.J.S.A. 47:1A-5, which provide in part that "[i]f a request for access to a government record would substantially disrupt agency operations, the custodian may deny access to the record after attempting to reach a reasonable solution with the requestor that accommodates the interests of

the requestor and the agency," the Borough's solicitor attempted to reach such accommodation with plaintiff. That effort was unsuccessful.

In February 2008, the Borough's solicitor sent plaintiff a letter noting the Borough had attempted to reach a solution with plaintiff that would accommodate both his and the Borough's needs, but to no avail, and advised plaintiff the Borough would not honor any new requests for documents. Plaintiff responded by filing a complaint alleging the Borough was wrongfully denying him access to municipal documents.

In May 2008, defendants Russo, Leeds, and Lawler were elected commissioners of the Borough, and they in turn chose Russo to be the mayor.[1] Within days of Russo becoming mayor, the Borough's attorney convinced Russo the Borough should hire a private investigator to determine the state in which plaintiff was a resident. Relying upon language in the declarations section of OPRA, see N.J.S.A. 47:1A-1[2], the attorney was of the

---

[1]  The Borough is a commission government under the Walsh Act. N.J.S.A. 40:70-1 to 76-27.

[2]  The specific language states: "The Legislature finds and declares it to be the public policy of this State that: government records shall be readily accessible for inspection, copying, or examination by the citizens of this State, with certain exceptions. . . . "  (Emphasis supplied).  N.J.S.A. 47:1A-1.

opinion only citizens of New Jersey were entitled to government records under this statute. If plaintiff were not a New Jersey resident, it was the attorney's intention to seek an order in the litigation plaintiff had filed to bar him from requesting any further documents. Russo authorized the attorney to proceed with the investigation. The cost of the report was $400.

Approximately two weeks later, the investigator provided a report to the attorney, which revealed plaintiff was a resident of Florida. The report indicates a wide range of databases were searched, including the FBI's "most-wanted" list. None of the data in the report uncovered any unfavorable information about plaintiff, with the exception of a reference to a court in Tennessee having once sanctioned him. We note the latter information can be obtained through public records.

There is no evidence defendants, the investigator, or the attorney disseminated the report to anyone other than plaintiff, who obtained a copy of the report after seeing a reference to it in one of the documents he acquired through one of his OPRA requests. Plaintiff alleges the Borough, Russo, Leeds, and Lawler wrongfully authorized the investigator to invade his privacy and, further, to "gather ammunition to silence him" in an effort to "cast him in a false light in the public eye."

On July 15, 2008 and July 17, 2008, plaintiff appeared in Borough Hall and videotaped employees while they worked. The second time plaintiff appeared, Russo called the police. Though Russo did not request plaintiff be removed, the police did escort plaintiff as he went through Borough Hall, which took approximately two hours.

On July 21, 2008, the Borough filed an order to show cause seeking, among other things, to bar plaintiff from submitting additional requests for documents and ban him from the non-public areas in Borough Hall. On August 15, 2008, the court ordered that plaintiff could continue to submit requests for documents under OPRA or the common law right of access to the Borough, but the Borough was not required to respond to any pending or future requests within the time mandated by the OPRA statute until further order. The order also stated plaintiff was permitted to be in any part of Borough Hall, as long as it was accessible to the public.

The allegations against those defendants who were not elected officials or employees of the Borough are as follows. Joseph DiLorenzo was Russo's, Leeds', and Lawler's campaign manager. Plaintiff alleges that on August 5, 2008, Joseph Dilorenzo's wife, Deborah Procacci, drove by plaintiff when DiLorenzo and Procacci's son, Anthony L. DiLorenzo, a passenger

7                                              A-2966-15T3

in the car, extended his middle finger and yelled "fuck you" to plaintiff. Plaintiff contends Anthony L. DiLorenzo's conduct was an act of assault and harrassment.

Plaintiff also claims that, on August 6, 2008, Joseph DiLorenzo's uncles, Frank DiLorenzo and Anthony V. DiLorenzo, drove toward plaintiff in separate vehicles at a high rate of speed and came to a screeching halt very close to where plaintiff was standing. Plaintiff contends these acts constituted assault.

Although at one time defendant Isen had been on the Borough's Planning Board, he left that position in 2008. Plaintiff alleges that in August 2010, Isen grabbed his crotch while on the beach in close proximity to plaintiff's wife. Plaintiff claims Isen did so to harass his wife and, derivatively, him. In addition, plaintiff claims that, at some point, Isen was heard to say plaintiff was "an enemy" of the Borough.

In addition to the claims for invasion of privacy, assault and harassment, plaintiff contends the actions of defendants outlined above show they engaged in a conspiracy to retaliate against him for exercising his constitutional right to free speech and for challenging government action. Plaintiff also alleges all defendants denied him equal protection under the

law, because plaintiff was the only citizen of the Borough to have been "scrutinized and reported upon" by a private investigator and "den[ied] rights under the Open Public Records Act."

In a comprehensive ninety-five page opinion, Judge J. Christopher Gibson thoroughly analyzed and addressed each issue raised on summary judgment and determined defendants were entitled to judgment dismissing plaintiff's complaint. Plaintiff appeals, asserting various challenges to that order.

When reviewing an order granting or denying summary judgment, we apply the same standard as the trial court. State v. Perini Corp., 221 N.J. 412, 425 (2015) (citing Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013); Liberty Surplus Ins. Corp. v. Nowell Amoroso, PA, 189 N.J. 436, 445-46 (2007)). In considering a motion for summary judgment, "both trial and appellate courts must view the facts in the light most favorable to the non-moving party, which in this case is plaintiff." Bauer v. Nesbitt, 198 N.J. 601, 605 n.1 (2009) (citing R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).

Summary judgment is proper if the record demonstrates "no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment . . . as a matter of

law." Burnett v. Gloucester Cty. Bd. of Chosen Freeholders, 409 N.J. Super. 219, 228 (App. Div. 2009). Issues of law are subject to the de novo standard of review, and thus the trial court's determination of such issues is accorded no deference. Kaye v. Rosefielde, 223 N.J. 218, 229 (2015) (citations omitted).

Having reviewed the record, the parties' briefs, and applicable legal principles, we reject the arguments plaintiff advances on appeal and affirm the order granting summary judgment dismissal for substantially the same reasons expressed by Judge Gibson in his detailed opinion.

We have considered plaintiff's arguments challenging the protective order prohibiting him, although not his attorney, from contacting any defenses witnesses, and are satisfied his arguments are without merit sufficient to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E). Because we affirm the order granting defendants summary judgment dismissal, it is unnecessary that we address the order denying plaintiff's request to compel defendant Isen to submit to a second deposition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-2966-15T3